636

No. P68/322.—The Rembar Co., Inc. v. United States, protests 60/14986, etc. (New York).

Rao, C.J. In accordance with stipulation of counsel that the items of merchandise marked "A" covered by the foregoing protests consist of trays or boats similar in all material respects to those the subject of The Rembar Co., Inc. v. United States (57 Cust. Ct. 239, C.D. 2774) and that the items of merchandise marked "B" consist of lids or covers, imported with said boats or trays, in chief value of metal, which are necessary, integral, dedicated components of the boats or trays and designed for and used only with such boats or trays, the claim of the plaintiff was sustained.

Before the Second Division, August 12, 1968

No. P68/323.—Liebermann Waechli & Co., Inc. v. United States, protest 65/6621 (New York).

Ford, J. In accordance with stipulation of counsel that the articles covered by the foregoing protest consist of merchandise classified as flashlights similar in all material respects to that the subject of Astra Trading Corp. v. United States (56 Cust. Ct. 555, C.D. 2703), the claim of the plaintiff was sustained.

No. P68/324.—Textile Fibres, Inc., and Consolidated Importing & Trading Corp. v. United States, protests 62/8551 and 63/14561 (Philadelphia).

Ford, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of nylon monofilament yarn similar in all material respects to that the subject of Chester Tricot Mills, Inc. v. United States (56 Cust. Ct. 532, C.D. 2695), the claim of the plaintiffs was sustained.